UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| Saarsteel Incorporated )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>UNITED STATES, )<br>)<br>Defendant. ) | Court No. 21-00271 |

# COMPLAINT

Saarsteel Incorporated ("Saarsteel"), by and through its undersigned attorneys, hereby brings this civil action and alleges the following:

1. This is an action challenging the decision of the Defendant, acting through United States Customs & Border Protection ("CBP") under Section 515 of the Tariff Act of 1930 (19 U.S.C. § 1515), to deny Saarsteels' protest against denied eligibility for exclusion from special 232 steel tariffs under BIS Exclusion Request Numbers 183788 & 183797.

## Parties

2. Plaintiff Saarsteel is a New York corporation with its principal place of business at 445 S. Livernois Rd., Suite. 222, Rochester Hills, MI 48307.  Saarsteel is an importer of certain steel products manufactured in Germany, including those that are the subject of BIS Exclusion Request Numbers 183788 & 183797.

3. Defendant United States received the disputed tariffs and is the statutory defendant in an action brought under 28 U.S.C. § 1581(a).

**Standing**

4. Saarsteel has paid duties to the United States as a result of tariffs unlawfully imposed on Material - ZF7B (20MnCr5Modified) Diameter 0.875 & 1.000, SBQ (Special Bar Quality) Hot Wrought Steel Round Bar, Cut Length bars imported by Saarsteel. The tariffs imposed by Defendant adversely affected and aggrieved Saarsteel because it was required to pay and did pay unlawful duties. Plaintiff has standing under 5 U.S.C. § 702 because it was "adversely affected or aggrieved" by agency action and under 28 U.S.C. § 2631(a) because the denied protest that is the subject of this action was filed by Saarsteel.

**Jurisdiction**

5. The Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a), which confers upon the U.S. Court of International Trade "exclusive jurisdiction of any civil action commenced to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930." 28 U.S.C. § 1581(a).

**Timeliness**

6. An action under 28 U.S.C. § 1581(a) must be commenced within 180 days after the contested protest was denied. 28 U.S.C. § 2636(a).

7. Saarsteel timely commenced this civil action by filing a summons on May 28, 2021, within 180 days after the contested protests were denied on December 2, 2020 and December 8, 2020.

8. This complaint is timely filed pursuant to Rule 83 of the Rules of this Court.

**Relevant Facts**

9. During the period December 24, 2018 through June 21, 2019, Saarsteel entered eight

shipments of German-origin Material - ZF7B (20MnCr5Modified) Diameter 0.875" (7/8") & 1.0" SBQ (Special Bar Quality) Hot Wrought Steel Round Bar, Cut Length bars into the commerce of the United States through the port of Chicago, Illinois, under cover of the following entry numbers: 016-11830207 (December 24, 2018); 016-11837699 (February, 18, 2019); 016-11839919 (March 13, 2019); 016-11842228 (March 25, 2019); 016-11843663 (April 12, 2019); 016-11846534 (April 19, 2019); 016-11852052 (May 17, 2019); 016-11857010 (June 21, 2019). All of these entries were liquidated between December 6, 2019 and May 29, 2020. A schedule listing the relevant information for each entry is attached to this complaint as **Exhibit 1**.

10. At the time of importation, Saarsteel classified the merchandise under Harmonized Tariff Schedule of the United States ("HTSUS") subheading 7228.30.8015, which provides for:

> Other bars and rods of other alloy steel; angles, shapes and sections, of other alloy steel; hollow drill bars and rods, of alloy or nonalloy steel:
>
> Other bars and rods, not further worked than hot-rolled, hot-drawn or extruded: Other: With a diameter or cross section measuring less than 76 mm…………..…….. Free.

11. During the relevant time period, steel products classified under HTSUS 7228.30.8015 subject to subchapter 16 were also generally subject to a temporary 25% *ad valorem* tariff pursuant to HTSUS 9903.80.01:

> Except for derivative iron or steel products described in heading 9903.80.03, products of iron or steel provided for in the tariff headings or subheadings enumerated in note 16 to this subchapter, except products of Australia, of Argentina, of Brazil, of Canada, of Mexico, of South Korea, of member countries of the European Union specified in subdivision (f) of such U.S. note 16 or of Japan, or of the United Kingdom, or of Ukraine entered under the terms of such U.S. note 16, under any provisions that may be established by the Department of Commerce under such U.S. note 16, or any exclusions that may be determined and announced by the

3

>    Department of Commerce...................... The duty provided in the applicable subheading + 25%".

12. The temporary 25% *ad valorem* tariff placed on steel was imposed by Presidential Proclamations 9704 and 9705 of March 8, 2018 under Section 232 of the Trade Expansion Act of 1962, 19 U.S.C. § 1862.  These Proclamations also authorize the Secretary to grant exclusions from the duties upon request of affected parties if the steel articles were determined not to be produced in the United States in a sufficient and reasonably available amount or of a satisfactory quality or based upon specific national security considerations.

13. On April 27, 2018, Metform LLC ("Metform") submitted exclusions requests for both the 0.875" & 1" Hot Wrought Steel Round Bar, Cut Length bars, naming Saarsteel as importer of record.  On December 8, 2019, both exclusion request number BIS-2018-0006-5186 for .875" bars and exclusion request number BIS-2018-0006-5192 for 1" bars were granted.

14. Thereafter, it was discovered that the HTSUS code used in the two exclusions should be revised.  Metform was informed that the only way to revise the listed HTSUS code, was to file new exclusion requests under the revised HTSUS code.  Once the new exclusion requests were approved, the new exclusions could be revised to reflect the submission date of the original exclusions.  The BIS Section 232 Steel and Aluminum Team, U.S. Department of Commerce, ("BIS") did not inform Metform that, if there is an increase in the requested amount of the exclusion, a change in the submission date would not be granted; nor was there any written information from BIS on its website or otherwise available to the public that listed this restriction or otherwise explained the revision process.

15. On April 17, 2020, Metform submitted a revised exclusion request for the 0.875" Hot Wrought Steel Round Bar, Cut Length bars again naming Saarsteel as importer of record. This exclusion request had a somewhat higher requested amount than the original request BIS-2018-0006-5186 (274,424 kg v. 223,200 kg). On June 13, 2020, this revised exclusion 81786 was granted.

16. On April 17, 2020, Metform also submitted a revised exclusion request for the 1" Hot Wrought Steel Round Bar, Cut Length bars again naming Saarsteel as importer of record. This exclusion request had a somewhat higher requested amount than the original request BIS-2018-0006-5192 (1,269,400 kg v. 1,229,200 kg). On October 9, 2020, this revised exclusion 81795 was granted.

17. On or about August 2020, Metform contacted BIS by e-mail and provided them with a resubmission template requesting that the submission date for exclusion 81786 be backdated and retroactive to the submission date of the original request BIS-2018-0006-5186.

18. By e-mail dated August 31, 2020, BIS informed Metform that due to an increase in the requested amount, the resubmission request for exclusion 81786 was not approved.

19. On February 11, 2021, Metform again submitted revised exclusions requests for both the 0.875" & 1" Hot Wrought Steel Round Bar, Cut Length bars listing the same requested quantities as in the original exclusions BIS-2018-0006-5186 and BIS-2018-0006-5192. On March 26, 2021, both exclusion request number 183797 for 0.875" bars and exclusion request number 183788 for 1" bars were granted.

20. On March 31, 2021, Metform filed renewed resubmission requests with BIS requesting that the submission date for exclusion 183797 and 183788 be backdated and retroactive

to the submission date of the original requests BIS-2018-0006-5186 and BIS-2018-0006-5192.

21. On April 14, 2021, BIS approved these requests and issued revised BIS Decision Documents for both exclusions showing a revised submission date of April 27, 2018.

22. According to this revised submission date, exclusions 183797 and 183788 would have covered all of the entries listed in paragraph 9 above.

23. The entries listed in in paragraph 9 above were liquated between December 2019 and May 2020.  A schedule listing the relevant information for each entry is attached to this complaint as **Exhibit 1**.

24. On April 23, 2020, Saarsteel submitted the following protests: 390120110739, 390120110740, 390120110745, 390120110744, 390120110743 and 390120110742.  On April 24, 2020, Saarsteel submitted protest number 390120110812.  On June 8, 2020, Saarsteel submitted protest number 390120113520 and amended this protest on August 6, 2020.

25. Protest numbers 390120110739, 390120110740, 390120110744, 390120110743 and 390120110742 were denied on December 2, 2020.  Protest numbers 390120110745, 390120110812 and 390120113520 were denied on December 8, 2020.

## COUNT I

26. The allegations of paragraphs 1 through 25 are restated and incorporated herein by reference.

27. BIS Exclusion Request Numbers 183788 & 183797 apply to entries made after the revised submission date of April 27, 2018.  All of the entries listed in paragraph 9 above and duly protested by Saarsteel were made after the revised submission date and are

therefore covered by these exclusions. All of the entries listed in paragraph 9 above also meet all of the other requirements of these exclusions including quantity, country of origin and technical/mechanical properties.

28. When an exclusion has been granted after an entry has been made but relates back to a submission date covering the entry, it is Defendant's practice to allow an importer to claim the exclusion by way of post-summary correction or, if liquidation has already occurred, by way of protest. *See* CSMS #18-000378 attached as **Exhibit 2** to this complaint.

29. Saarsteel filed timely protests on each of the entries listed in paragraph 9 above and has timely commenced this civil action contesting liquidation of each entry. Accordingly, pursuant to 19 U.S.C. § 1514(b), liquidation of these entries is not yet final and the granted Exclusion Numbers 183788 & 183797 should be applied to these entries.

## COUNT II

30. The allegations of paragraphs 1 through 29 are restated and incorporated herein by reference.

31. Defendant acted in an arbitrary and capricious manner in taking such an inordinate amount of time to approve the exclusion requests in this case and in not providing Metform and Saarsteel with clear and adequate information on the revision of the exclusion requests.

32. These arbitrary and capricious actions were prejudicial to Saarsteel, which was bound by strict statutory deadlines for the protest of liquidations and the commencement of civil actions.

33. In each protest, Saarsteel specifically stated: "We request that CBP refrain from making a

decision on this protest until we receive BIS's response on one or more requests," and then the details of the pending requests were set out.

34. Defendant should therefore be barred from claiming that its protest denials predated approval of the exclusions as a justification for refusing application of Exclusion Numbers 183788 & 183797 to the entries in this case.

35. As explained in paragraph 29 above, pursuant to 19 U.S.C. § 1514(b), liquidation of these entries is not yet final and the granted Exclusion Numbers 183788 & 183797 should be applied to these entries.

## DEMAND FOR JUDGMENT AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment from the Court:

(1) Declaring that the Material - ZF7B (20MnCr5Modified) Diameter 0.875" & 1.000" SBQ (Special Bar Quality) Hot Wrought Steel Round Bar, Cut Length bars imported by Saarsteel were and are excluded from assessments of special steel 232 tariffs;

(2) Ordering Defendant to refund, with interest as provided by law, any and all special § 232 steel tariffs paid by Plaintiff in connection with the merchandise imported under cover of the entries which are the subject of this action, plus interest;

(3) Awarding Plaintiff its costs and reasonable attorney fees; and

(4) Granting Plaintiff such other relief as the Court may deem appropriate.

Respectfully submitted,

/s/ *Marc E. Montalbine*
Marc E. Montalbine*
J. Kevin Horgan
Gregory S. Menegaz
Alexandra H. Salzman
Merisa A. Horgan

|  |  |
|---|---|
|  | **DEKIEFFER & HORGAN, PLLC** |
|  | 1156 Fifteenth Street, N.W. |
|  | Suite 1101 |
|  | Washington, DC 20005 |
|  | Tel: (202) 783-6900 |
|  | Fax:  (202) 783-6909 |
|  | email:  montalbine@dhlaw.de |
| Date: May 26, 2023 | *Counsel to Plaintiff* |
| _____ |  |

\* Admitted to Virginia Bar; practice limited to Federal International Trade Matters pursuant to D.C. Bar Rule 49(c)(2).